## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WONDERLAND SWITZERLAND AG,<br><br>             Plaintiff,<br><br>v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>             Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wonderland Switzerland AG ("Wonderland") files this Complaint and demand for jury trial against Defendant Dorel Juvenile Group, Inc. ("Dorel") seeking relief for Dorel's infringement of United States Patent Nos. 7,625,043 ("the '043 Patent") and 10,457,168 ("the '168 Patent") (together, the "Asserted Patents"). Wonderland alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., specifically including 35 U.S.C. § 271.

## THE PARTIES

2.      Wonderland is a corporation limited by share ownership (AG) duly organized and existing under the laws of Switzerland, having its principal place of business at Beim Bahnhof 5, 6312 Steinhausen, Switzerland.

3.      Wonderland is the owner of all rights, title, and interest in the Asserted Patents, and holds the right to sue and recover damages for infringement thereof, including current and past infringement.

1

4.      On information and belief, Dorel is a Massachusetts corporation with a principal place of business at 25 Forbes Blvd., Suite 4, Foxboro, MA.

5.      On information and belief, Dorel is a subsidiary of Dorel Industries Inc. and sells children's car seats (and other children's products) under various brand names including Maxi-Cosi and Safety 1st, among others.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the patent infringement claims herein under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      This Court has general personal jurisdiction over Dorel at least because, on information and belief, Dorel is a company organized and incorporated under the laws of Massachusetts, is qualified to do business in Massachusetts, has a regular and established place of business in this state and conducts business in this state, and has its principal place of business in this judicial district located at 25 Forbes Blvd., Suite 4, Foxboro, Massachusetts.

8.      This Court also has personal jurisdiction over Dorel because, on information and belief: (1) Dorel owns and/or operates interactive websites, www.doreljuvenile.com, www.safety1st.com, and www.maxi-cosi.com that are accessible to residents of Massachusetts and this judicial district, through which goods, including the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat, the Safety 1st Turn and Go 360 DLX Car Seat, and the Maxi-Cosi Emme 360™ Car Seat, accused of infringement herein (collectively, the "Accused Products"), are advertised, offered for sale, and sold; and (2) Dorel offers for sale and sells its goods to residents of Massachusetts, including the Accused Products, through online retailers and/or brick-and-mortar stores, such as Amazon, Target, and Walmart.

9.      This Court also has personal jurisdiction over Dorel because Dorel regularly engages in patent litigation in this forum.  For example, Dorel has assented to personal jurisdiction in this judicial district in prior actions, *see, e.g.*, *Kids2, LLC v. Dorel Juvenile Group, Inc.*, No. 1:24-cv-12399, ECF No. 12 (Answer) (D. Mass. Feb. 18, 2025).  Thus, on information and belief, Dorel has purposefully availed itself of the benefits of the Commonwealth of Massachusetts and the exercise of personal jurisdiction by this Court is proper.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because (1) Dorel is a company organized and existing under the laws of the Commonwealth of Massachusetts and (2) has its principal place of business in this district at 25 Forbes Blvd., Suite 4, Foxboro, Massachusetts.  Dorel therefore resides in this district.

11.     Venue is also proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Dorel has committed acts of infringement, including the offer for sale and sale of the Accused Products, in this district and has a regular and established place of business in this district at 25 Forbes Blvd., Suite 4, Foxboro, Massachusetts.

## STATEMENT OF FACTS

### Wonderland and Its Innovative Car Seats

12.     Wonderland and its affiliates have been leading innovators in the area of juvenile products for more than thirty years.  Wonderland and its affiliates design, manufacture, and sell products to keep children of all ages safe, including state-of-the-art child car seats for leading brands such as Graco, Nuna, and Joie.  Wonderland and its affiliates' innovations have resulted in over 500 patents in the United States and over 2,600 patents worldwide.

13.     Child car seats are necessary to protect children while they are traveling in vehicles.  However, they can present challenges as children grow.  Children can rapidly outgrow their car seats and buying a new car seat for a growing child can be a significant expense.  Child

car seats can also be difficult to install and difficult to get a child in and out of, particularly when the seat is rearward-facing, as required for infants. In order to address these and other challenges, Wonderland spent years and substantial resources developing innovative child car seats that help keep children safe and comfortable as they grow. Many competitors, like Dorel, have tried to imitate Wonderland.

14.     Wonderland developed an improved child car seat with multiple, easy-to-use configurations, so a family can use a single seat, and simply re-configure it, as the child grows. This invention is disclosed in the '043 Patent and embodied in the foundational Graco Nautilus® car seat. With the Nautilus®, Wonderland and its affiliates created a new category of all-in-one child car seats. The Nautilus® was the first 3-in-1 car seat with a (1) forward-facing harness mode, (2) highback booster mode, and (3) no-back booster mode (where the seatback is detached from the booster base). The Nautilus® could be used from the time a child was about 22lbs until the child outgrew the need to use a car seat.

15.     Wonderland was also the first to further expand the life of a children's car seat, by offering 4-in-1 (or "All-in-One") car seats, with a rearward-facing harness mode for infants, in addition to the forward-facing harness mode, highback booster mode, and no-back booster mode (where the seatback is detached from the booster base). This innovation can be seen in products such as the Graco 4Ever® and the Joie saffron™, which also practice the '043 Patent.

16.     Wonderland also recognized that, due to the limited amount of space between the top of the vehicle door and the side of the car seat, it can be difficult to place a child into a car seat (particularly when the car seat is in a rearward-facing configuration). Wonderland solved this problem (and others) by inventing car seats that rotate from a rearward- or forward-facing configuration to a sideways-facing configuration. The car seat can be rotated sideways to permit the parent to easily and safely place and strap in the child in the rear seat of a vehicle,

and then can be rotated to a rearward- or forward-facing configuration and locked securely, so that the child is safe.  Wonderland patented this invention in, *e.g.*, the '168 Patent, which is embodied in products such as the Graco EasyTurn™ 360 and the Joie chili spin 360™, which practice the '168 Patent.

**Dorel's Infringing Products**

17.     Dorel is also in the business of manufacturing, importing, and selling child car seats.

18.     On information and belief, Dorel has imported for sale the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat, the Safety 1st Turn and Go 360 DLX Car Seat, and the Maxi-Cosi Emme 360™ Car Seat.  Images taken of the packaging of these three infringing products, showing that each infringing car seat was "IMPORTED BY DOREL JUVENILE GROUP, INC." are reproduced below:



**The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat**



**The Safety 1st Turn and Go 360 DLX Car Seat**



**Maxi-Cosi Emme 360™ Car Seat**

19.     On information and belief, Dorel has sold and continues to sell the Accused Products online and in retail stores throughout the United States, including in this judicial district.

20.     The Accused Products compete for sales with child car seats developed and manufactured by Wonderland and its affiliates that are sold under well-known brands such as Graco, Nuna, and Joie.  The sale of the Accused Products online or in brick-and-mortar retail stores, including in this judicial district, has harmed and continues to harm Wonderland.

**Wonderland's Patents**

21.    The '043 Patent, entitled "Child Car Seat with Multiple Use Configurations," issued on December 1, 2009.  A copy of the '043 Patent is attached hereto as Ex. 1.

22.    The '043 Patent issued from U.S. Patent Application No. 11/519,465, filed on September 12, 2006.  The '043 Patent claims priority to U.S. Provisional Application No. 60/717,331 filed on September 15, 2005, and U.S. Provisional Application No. 60/760,235 filed on January 19, 2006.  The '043 Patent expires on December 11, 2027.

23.    Wonderland owns by assignment the entire right, title and interest in the '043 Patent.  *See* Ex. 2.

24.    The '043 Patent "relates generally to a car seat for use in transporting children in an automobile, and, more particularly, to a car seat that can be utilized in different configurations for different sized children until the children are large enough to be transported in an automobile without benefit of a car seat." Ex. 1 at 1:17–20.  The '043 Patent describes a car seat for transporting children in an automobile that can change configurations as a child grows.  The patent further describes a car seat with a seat back that can be detached to form a backless booster seat.  *See* Ex. 1 at 3:24–29.  Figures 1, 2, and 7, reproduced below, show the car seat in configurations appropriate for a large toddler, a small toddler, and a child that is large enough for a booster seat, respectively.

  

25.    The '043 Patent has 22 claims, including three independent claims 1, 12, and 18. Claim 1, for example, recites:

> 1. A car seat for use in an automobile to transport a child, comprising:
>
>> a seat assembly defining a generally horizontal seat surface for supporting a child positioned thereon, said seat assembly including a pair of receptacles; and
>>
>> a seat back having a locking mechanism for selectively detachably connecting said seat back to said seat assembly, said seat back including a rear support portion oriented in generally upright position when attached to said seat assembly, said seat back having a pair of attachment arms projecting generally perpendicularly outwardly relative to said rear support portion for engagement with said seat assembly so as to be received within corresponding said receptacles.

26.    The '043 Patent is valid and enforceable.

27.    The '168 Patent, entitled "Child Safety Seat," issued on October 29, 2019. A copy of the '168 Patent is attached as Ex. 3.

28.    The '168 Patent issued from U.S. Patent Application No. 15/621,051 filed on June 13, 2017. The '168 Patent claims priority to U.S. Provisional Application No. 62/349,927 filed on June 14, 2016. The '168 Patent expires on January 12, 2038.

29.    Wonderland owns by assignment the entire right, title and interest in the '168 Patent. *See* Ex. 4.

30.      The '168 Patent "relates to child safety seats." Ex. 3 at 1:14. The '168 Patent explains that with conventional car seats there could be difficulty placing the child in the car seat: "While the child safety seat is installed in the rearward facing position, it may be difficult to lift a child over a side of the child safety seat for seating the child in the seat." Ex. 3 at 1:32–34. The inventors solved this problem by inventing a car seat that can rotate into three different positions. *See generally* Ex. 3. Figures 1–3, showing perspective views of an embodiment of a child safety seat in forward-facing, rearward-facing, and sideways-facing positions, respectively, are reproduced below.



31.      The '168 Patent has 28 claims, including independent claims 1 and 17. Claim 17, for example, recites:

> 17. A child safety seat comprising:
>
> a support base suitable for placement on a vehicle seat, the support base including a first and a second flange portion vertically spaced apart from each other, the second flange portion being located below the first flange portion;
>
> a rotary platform pivotally connected with the support base about a pivot axis; and
>
> a child seat connected with the rotary platform, the child seat and the rotary platform being rotatable in unison as a rotatable seat unit relative to the support base between a plurality of positions including a forward facing position, a rearward facing position and a sideways facing position;

wherein the rotatable seat unit comprised of the child seat and the rotary platform is engaged with the first flange portion and the second flange portion in the forward facing position with the first flange portion located adjacent to a shoulder support region of the child seat, and the rotatable seat unit is engaged with the second flange portion and disengaged from the first flange portion in the rearward facing position.

32.    The '168 Patent is valid and enforceable.

## COUNT ONE

### (Infringement of U.S. Patent 7,625,043)

33.    Wonderland realleges and incorporates by reference paragraphs 1–32.

34.    Upon information and belief, Dorel has made, used, sold, offered for sale, and/or imported into the United States child car seats, including the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat, that meet the limitations of at least one claim of the '043 Patent, either literally or under the doctrine of equivalents, and continues to do so.  Therefore, Dorel has and continues to directly infringe the '043 Patent under 35 U.S.C. § 271(a).

### Infringement of the '043 Patent by the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat

35.    An exemplary illustration of how the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat infringes claim 1 of the '043 Patent is provided below.

36.    The preamble of claim 1 of the '043 Patent recites: "A car seat for use in an automobile to transport a child, comprising…."  To the extent the preamble is limiting, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat is a car seat that is used to transport a child in an automobile.  *See, e.g.*, https://safety1st.com/products/everslim-4-mode-4-in-1-convertible-car-seat-cc343.

10





37.    Limitation 1[a] recites: "a seat assembly defining a generally horizontal seat surface for supporting a child positioned thereon."  The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes each and every element of this limitation.

38.    As can be seen in the annotated images below, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes a seat assembly that includes a generally horizontal seat surface for supporting a child positioned on the seat surface.



39.    Limitation 1[b] recites: "said seat assembly including a pair of receptacles." The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes each and every element of this limitation.

40.    As can be seen in the annotated images below, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat's seat assembly also includes two pairs of receptacles.



41.     Limitation 1[c] recites: "a seat back having a locking mechanism for selectively detachably connecting said seat back to said seat assembly." The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes each and every element of this limitation.

42.     As can be seen in the annotated images below, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat further includes a seat back that includes a locking mechanism for selectively detachably connecting the seat back to the seat assembly.



43.     Limitation 1[d] recites: "said seat back including a rear support portion oriented in generally upright position when attached to said seat assembly."  The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes each and every element of this limitation.

44.     As can be seen in the annotated images below, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes a rear support portion that is generally upright when attached to the seat assembly.



45.    Limitation 1[e] recites: "said seat back having a pair of attachment arms projecting generally perpendicularly outwardly relative to said rear support portion for engagement with said seat assembly so as to be received within corresponding said receptacles." The Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes each and every element of this limitation.

46.    As can be seen in the annotated images below, the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat includes two pairs of attachment arms projecting generally perpendicularly outwardly relative to the rear support portion that are received within corresponding receptacles for engagement with the seat assembly.



47.     A claim chart providing additional evidence of infringement, including with respect to dependent claim 2, is submitted herewith as Ex. 5.

48.     Upon information and belief, Dorel has also actively induced, and continues to actively induce, infringement of at least one claim of the '043 Patent under 35 U.S.C. § 271(b) by making, selling, offering for sale, and/or importing in the United States the Accused Products, including the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat, and encouraging consumers and resellers to directly infringe the '043 Patent by offering for sale, selling, and/or using the Accused Products.

49.     Upon information and belief, Dorel has knowledge of the '043 Patent because Dorel is knowledgeable about Wonderland's patent portfolio covering child car seats based on the parties' prior dealings, Wonderland's litigation history, the fact that child car seats developed and manufactured by Wonderland and its affiliates are identified on the Internet as practicing the '043 Patent, and Dorel's practice of monitoring competitors' patents, including those of Wonderland.

50.     Upon information and belief, Dorel has knowledge of the '043 Patent at least as of the filing of this Complaint.

51.     Upon information and belief, Dorel has knowledge that retail establishments, resellers, and consumers are directly infringing the '043 Patent by offering for sale, selling, and/or using the Accused Products.

52.     Despite Dorel's knowledge of the '043 Patent and its knowledge—or willful blindness to the fact—of its infringing activities, Dorel has infringed and continues to infringe one or more claims of the '043 Patent by making, selling, offering for sale, and/or importing in the United States child car seats, including the Safety 1st EverSlim 4-Mode 4-in-1 Convertible Car Seat, and encouraging others to do so.  This deliberate and intentional infringement without

regard for Wonderland's patent rights constitutes egregious conduct sufficient to establish willful infringement and enhanced damages under 35 U.S.C. § 284.

53.     Wonderland has suffered and continues to suffer damages from Dorel's infringement of the '043 Patent and is entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

54.     Wonderland and its licensees have complied with 35 U.S.C. § 287(a) such that the period of recoverable damages is not limited by § 287(a).

55.     The ongoing and continuous infringement by Dorel of the '043 Patent entitles Wonderland to an injunction permanently enjoining Dorel from further infringing Wonderland's patent rights, pursuant to 35 U.S.C. § 283.

## COUNT TWO

### (Infringement of U.S. Patent 10,457,168)

56.     Wonderland realleges and incorporates by reference paragraphs 1–55.

57.     Upon information and belief, Dorel has made, used, sold, offered for sale, and imported into the United States, child car seats, including the Safety 1st Turn and Go 360 DLX Car Seat and the Maxi-Cosi Emme 360 Car Seat, each of which meets the limitations of at least one claim of the '168 Patent, either literally or under the doctrine of equivalents, and continues to do so.  Therefore, Dorel has and continues to directly infringe the '168 Patent under 35 U.S.C. § 271(a).

### Infringement of the '168 Patent by the Safety 1st Turn and Go 360 DLX Car Seat

58.     An exemplary illustration of how the Safety 1st Turn and Go 360 DLX Car Seat infringes claim 17 of the '168 Patent is provided below.

59.     The preamble of claim 17 of the '168 Patent recites: "A child safety seat comprising…."  To the extent the preamble is found to be limiting, the Safety 1st Turn and Go

360 DLX Car Seat is a child safety seat because it is a car seat for children.  *See, e.g.*, https://safety1st.com/products/turn-and-go-360-dlx-rotating-all-in-one-convertible-car-seat-cc346.



Child Safety Seat

60.     Limitation 17[a] recites: "a support base for placement on a vehicle seat, the support base including a first and second flange portion vertically spaced apart from each other, the second flange portion being located below the first flange portion."  The Safety 1st Turn and Go 360 DLX Car Seat includes each and every element of this limitation.

61.     As can be seen in the annotated images below, the Safety 1st Turn and Go 360 DLX Car Seat includes a support base that can be placed on a vehicle seat (annotated with red dashed lines).  The support base includes two flange portions (annotated with blue and purple), the second of which (annotated in purple below) is located vertically below the first (annotated in blue below).



62.     Limitation 17[b] recites: "a rotary platform pivotally connected with the support base about a pivot axis."  The Safety 1st Turn and Go 360 DLX Car Seat includes each and every element of this limitation.

63.     As can be seen in the annotated image below, the Safety 1st Turn and Go 360 DLX Car Seat includes a rotary platform (annotated with a green dashed line below) that is pivotally connected with the support base (annotated with a red dashed line below) about a pivot axis (circled in white below).



64.    Limitation 17[c] recites: "a child seat connected with the rotary platform, the child seat and the rotary platform being rotatable in unison as a rotatable seat unit relative to the support base between a plurality of positions including a forward facing position, a rearward facing position and a sideways facing position."  The Safety 1st Turn and Go 360 DLX Car Seat includes each and every element of this limitation.

65.    As can be seen in the annotated images below, the Safety 1st Turn and Go 360 DLX Car Seat includes a child seat (annotated with a blue dashed line below right) that is connected with the rotary platform (annotated with a green dashed line below right) and rotates—as a rotatable seat unit—in unison with the rotary platform, relative to the support base (annotated with a red dashed line below right), between a plurality of positions including a forward-facing position, a rearward-facing position and a sideways-facing position (from left to right below, the

rotatable seat unit is in a forward-facing position, a rearward-facing position, and a sideways-facing position).



66.    Limitation 17[d] recites: "wherein the rotatable seat unit comprised of the child seat and the rotary platform is engaged with the first flange portion and the second flange portion in the forward facing position with the first flange portion located adjacent to a shoulder support region of the child seat, and the rotatable seat unit is engaged with the second flange portion and disengaged from the first flange portion in the rearward facing position."  The Safety 1st Turn and Go 360 DLX Car Seat includes each and every element of this limitation.

67.     As can be seen in the annotated images below, the rotatable seat unit is engaged with both the first and second flange portions while in the forward-facing position, and the first flange portion is located adjacent to a shoulder support region of the child seat.  Additionally, the rotatable seat unit is engaged with the second flange portion and disengaged from the first flange portion while in the rearward-facing position.



68.     A claim chart providing additional evidence of infringement of the Safety 1st Turn and Go 360 DLX Car Seat, including with respect to dependent claims 20, 25, and 28, is submitted herewith as Ex. 6.  A claim chart providing evidence that the Maxi-Cosi Emme 360 Car Seat infringes at least claims 17, 20, 25, and 28, is also submitted herewith as Ex. 7.

69.     Upon information and belief, Dorel has also actively induced, and continues to actively induce, infringement of at least one claim of the '168 Patent under 35 U.S.C. § 271(b)

by making, selling, offering for sale, and/or importing in the United States the Accused Products, including the Safety 1st Turn and Go 360 DLX Car Seat and the Maxi-Cosi Emme 360 Car Seat, and encouraging consumers and resellers to directly infringe the '168 Patent by offering for sale, selling, and/or using the Accused Products.

70.    Upon information and belief, Dorel has knowledge of the '168 Patent because Dorel is knowledgeable of Wonderland's patent portfolio covering child car seats based on the parties' prior dealings, Wonderland's litigation history, the fact that child car seats developed and manufactured by Wonderland and its affiliates are identified on the Internet as practicing the '168 Patent, and Dorel's practice of monitoring competitors' patents, including those of Wonderland.

71.    Upon information and belief, Dorel has knowledge of the '168 Patent at least as of the filing of this Complaint.

72.    Upon information and belief, Dorel has knowledge that retail establishments, resellers, and consumers are directly infringing the '168 Patent by offering for sale, selling, and/or using the Accused Products.

73.    Despite Dorel's knowledge of the '168 Patent and its knowledge—or willful blindness to the fact—of its infringing activities, Dorel has infringed and continues to infringe one or more claims of the '168 Patent by making, selling, offering for sale, and/or importing in the United States child car seats, including the Safety 1st Turn and Go 360 DLX Car Seat and the Maxi-Cosi Emme 360 Car Seat, and encouraging others to do so.  This deliberate and intentional infringement without regard for Wonderland's patent rights constitutes egregious conduct sufficient to establish willful infringement and enhanced damages under 35 U.S.C. § 284.

74.     Wonderland has suffered and continues to suffer damages from Dorel's infringement of the '168 Patent and is entitled to compensation and other monetary relief to the extent allowed by law, pursuant to 35 U.S.C. §§ 284 and 285.

75.     Wonderland and its licensees have complied with 35 U.S.C. § 287(a) such that the period of recoverable damages is not limited by § 287(a).

76.     The ongoing and continuous infringement by Dorel of the '168 Patent entitles Wonderland to an injunction permanently enjoining Dorel from further infringing Wonderland's patent rights, pursuant to 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Wonderland respectfully requests the Court enter judgment in its favor and provide relief as follows:

(a)     enter judgment that Dorel has infringed, and continues to infringe, one or more claims of the '043 Patent, in violation of 35 U.S.C. § 271(a) and (b);

(b)     enter judgment that Dorel has infringed, and continues to infringe, one or more claims of the '168 Patent, in violation of 35 U.S.C. § 271(a) and (b);

(c)     enter an order preliminarily and permanently enjoining Dorel and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from further infringing the claims of the '043 Patent by barring them from further making, using, selling, offering for sale, and/or importing into the United States any products that infringe the '043 Patent;

(d)     enter an order preliminarily and permanently enjoining Dorel and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from further infringing the claims of the '168 Patent by barring them from

further making, using, selling, offering for sale, and/or importing into the United States any products that infringe the '168 Patent;

(e)     award Wonderland all available and legally permissible damages and relief sufficient to compensate Wonderland for Dorel's infringement of one or more claims of the '043 Patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

(f)     award Wonderland all available and legally permissible damages and relief sufficient to compensate Wonderland for Dorel's infringement of one or more claims of the '168 Patent, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

(g)     order an accounting of Dorel's infringing activities through trial and final judgment, and any and all periods of infringement not included in the damages awarded by this Court or jury at trial;

(h)     declare Dorel's infringement of the '043 Patent to be willful and award treble damages to Wonderland under 35 U.S.C. § 284;

(i)     declare Dorel's infringement of the '168 Patent to be willful and award treble damages to Wonderland under 35 U.S.C. § 284;

(j)     declare this case to be "exceptional" under 35 U.S.C. § 285 and award Wonderland costs, expenses, and disbursements in this action, including reasonable attorney fees; and,

(k)     award Wonderland such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Wonderland hereby demands a jury trial on all issues so triable.

Dated: July 24, 2025

/s/ Nicholas K. Mitrokostas
Nicholas K. Mitrokostas (BBO# 657974)
Shaobo Zhu (BBO# 697669)
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108

Elizabeth J. Holland (*pro hac vice* forthcoming)
Thomas R. Makin (*pro hac vice* forthcoming)
Eric S. Lucas (*pro hac vice* forthcoming)
David J. Cooperberg (*pro hac vice* forthcoming)
Ryan Curiel (*pro hac vice* forthcoming)
Amelia Baijnath (*pro hac vice* forthcoming)
ALLEN OVERY SHEARMAN STERLING US LLP
599 Lexington Avenue
New York, NY 10022

Noah Brumfield (*pro hac vice* forthcoming)
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005